# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L. GLADNEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:07CV1457 FRB |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John Gladney (registration no. 70412), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.33. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $3.33, and an average monthly balance of $3.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.67.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his medical needs. Named as defendants are Correctional Medical Services, Unknown Singer (Doctor, CMS), Unknown Siddiqui (same) and Gene Stubblefield (Superintendent, St. Louis City Justice Center). The complaint seeks monetary relief.

Plaintiff alleges that he has a heart condition and that he suffers from psychiatric disorders. Plaintiff further alleges that defendants Singer and Siddiqui have refused to give him his necessary medications.

The complaint survives initial review as to defendants Singer and Siddiqui. As a result, the Court will order these defendants to respond to the complaint.

In order to state a claim against defendant CMS, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. <u>Sanders v. Sears Roebuck & Co.</u>, 984 F.2d 972, 975-76 (8th Cir. 1993). The complaint makes no such allegation. As a result, the Court will dismiss this case as to defendant CMS.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Stubblefield was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim against Stubblefield, and the Court will dismiss this case as to defendant Stubblefield.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $0.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Singer and Unknown Siddiqui.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Singer and Unknown Siddiqui shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Correctional Medical Services or

---

[1] These defendants are alleged to be physicians for Correctional Medical Services.

Gene Stubblefield because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this   25th   day of October, 2007.

>                                  /s/Donald J. Stohr
>                                  UNITED STATES DISTRICT JUDGE